UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEIDI DAVONNE BROWN, | |
| Plaintiff, | |
| v. | Case No. 3:24-CV-853-CCB-SJF |
| SOUTH BEND CLINIC, et al., | |
| Defendants. | |

## **OPINION AND ORDER**

Heidi Davonne Brown filed a pro se complaint (ECF 1) and a motion for leave to proceed *in forma pauperis* (ECF 2) on October 18, 2024. Brown's *in forma pauperis* motion, submitted on a standard *in forma pauperis* form, details that she has no income. (ECF 2). In her complaint, she alleges that on March 11, 2024, she was "poked" with an unsterile needle while at The South Bend Clinic, LLC ("Clinic"). (*Id.* at 3). She states that the South Bend Police Department was called to the Clinic, which violated her rights. (*Id.*). Brown brings the instant claims against the Clinic for violating her "patient rights," failing to adhere to policy and procedure, and violating her "HIPAA right and right to privacy." (ECF 1 at 2).

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees…." A person is unable to pay the filing fee if "because of [their] poverty [doing so would] result in the inability to provide [her]self and dependents with the necessities of

life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

When deciding whether to grant *in forma pauperis* status to a plaintiff, the Court must determine whether her complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

"Although [pro se] litigants … benefit from various procedural protections," including liberal construction of pleadings, they "are not entitled to [exemption] from the rules of procedure…." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Fed. R. Civ. P. 8(a)(1) requires that complaints contain "a short and plain statement of grounds for the court's jurisdiction." *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States"—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $ 75,000. 28 U.S.C. §§ 1331, 1332. This Court likely lacks diversity jurisdiction over Brown's case, as all parties appear to be Indiana citizens. Furthermore, federal question jurisdiction in this case is unclear. "A district court has federal question jurisdiction only if the complaint shows, on its face, that a federal claim is 'sufficiently substantial.'" *Johnson v. Orr*, 551 F.3d 564, 570 (7th Cir. 2008) (quoting *Gammon v. GC Servs. Ltd. P'ship.*, 27 F.3d 1254, 1256 (7th Cir. 1994)).

Brown's complaint does not explain how the situation on March 11, 2024 violated her rights. She simply alleges legal conclusions that the Clinic violated her "patient rights," including her "HIPAA right and right to privacy." (ECF 1 at 3). Attached to her complaint are email exchanges that seem to be her trying to file a complaint with the Indiana Department of Health and the Department's response stating that they were unable to corroborate her allegation that she was a patient at the Clinic during the alleged timeframe. (ECF 1-1 at 5). Her complaint and attachments do not allege enough facts to state a federal claim that is sufficiently substantial. *Johnson,* 551 F.3d at 570. Therefore, Brown has not established jurisdiction as required.

Even if Brown had established jurisdiction, her complaint fails to state a claim for relief. Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Her complaint does not link any facts to her legal conclusions that her rights were violated. Therefore, Brown has stated only a speculative claim, not a plausible one, and her complaint cannot survive.

Accordingly, the Court **DENIES** Brown's motion to proceed *in forma pauperis*. (ECF 2). Also pending in this case are Brown's motions to appoint counsel (ECF 8) and a motion to proceed without prepaying pacer account fees (ECF 11). These motions are **DENIED AS MOOT**. (ECF 8, 11).

3

Usually, the Court would grant Brown leave to amend her complaint to become compliant with the federal rules and refile a motion to proceed *in forma pauperis*, however, there is also a pending motion to stay proceedings filed by Defendant on December 17, 2024. (ECF 6). Defendant states that Brown filed a "Proposed Complaint for Damages with the Indiana Department of Insurance on November 6, 2024." (ECF 6 at 2). As noted by Defendant, "an action against a qualified health care provider may not be commenced in an Indiana court before a Proposed Complaint has been presented to a medical review panel and the panel has rendered an opinion on the Proposed Complaint." (*Id.*); Ind. Code § 34-18-8-4. Since Brown's motion to proceed *in forma pauperis* is denied, Defendant's motion to stay proceedings is also **DENIED AS MOOT**. (ECF 6). However, the Court **CAUTIONS** Brown to ensure any amended complaint complies with Ind. Code § 34-18-8-4.

SO ORDERED on August 14, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT